UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

MOHAMMED FERDOUS HOSSAIN aka
FERDOUS WAHID aka MOHAMMED G.
HOSSAIN and SHEULY AKTER,

      Plaintiffs,

    v.

JEH JOHNSON, Secretary of United States
Department of Homeland Security, and THE NEW
YORK DISTRICT DIRECTOR OF UNITED
STATES IMMIGRATION AND CUSTOMS
ENFORCEMENT,

      Defendants.

**MEMORANDUM & ORDER**
15-CV-0122 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  Plaintiff Mohammed Ferdous Hossain, also known as Ferdous Wahid and Mohammed G. Hossain, and Plaintiff Sheuly Akter commenced this action against Defendants Jeh Johnson, Secretary of the United States Department of Homeland Security, and the New York District Director of United States Immigrations and Customs Enforcement. (Compl. 3, ¶¶ 9–12.[1]) Plaintiffs seek (1) a mandamus order pursuant to the Mandamus and Venue Act, 28 U.S.C. § 1361, (the "Mandamus Act"), compelling Defendants to "act on and cause issuance of consent to join" a motion to reopen Hossain's deportation proceeding and to perform a meaningful review of the motion, (*id.* at 16–17, ¶¶ 29–32), and (2) a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"), declaring that Defendants' refusal to join

---

[1] Although the Complaint has consecutively numbered paragraphs, numerous paragraphs consist of multiple pages with legal argument and case citations. (*See* Compl. ¶ 26.) For ease of reference, the Court refers to both the page number and the relevant paragraph containing the cited information.

Plaintiffs' motion to reopen Hossain's removal proceeding was "without basis in fact or law" and that Defendants must hold all hearings on the motion allowing Hossain to seek lawful status, (*id.* at 18–19, ¶¶ 33–36). Plaintiffs also seek attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (*Id.* at 2, ¶ 4; *id.* at 19–20, ¶¶ 38–41.) Defendants move to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim. (Defs. Resp. to Order to Show Cause ("Defs. Resp."), Docket Entry No. 6.) As explained below, because the Court lacks subject matter jurisdiction over Plaintiffs' claims, the Court dismisses the action.

## I. Background

Hossain is a native and citizen of Bangladesh. (Compl. 3, ¶ 9.) On June 13, 1995, Hossain was admitted to the United States as a visitor under the alias "Mohammed Golam Hossain."[2] (*Id.* at 5, ¶ 19.) Later that year, under the alias "Ferdous Wahid," Hossain filed an application for asylum and a Form I-589 Application or Asylum and for Withholding of Removal, which was referred to an Immigration Judge ("IJ"). (*Id.*) On September 15, 1995, a deportation proceeding was commenced against Hossain. (*Id.*; Compl. Ex. B ("Ex. B") at 146.[3]) On November 13, 1995, the IJ denied Hossain's asylum application. (Compl. 5, ¶ 20; Ex. B at 147.) Hossain appealed the denial to the Board of Immigration Appeals ("BIA"), but the appeal

---

[2] Plaintiffs allege that Hossain's name is "Mohammed Ferdous Hossain" but acknowledge that he is also known as "Ferdous Wahid," "Mohammed G. Hossain" and "Mohammed Golam Hossain." (Compl. 1; *id.* at 4–5, ¶¶ 17, 19.)

[3] Attached to the Complaint are two exhibits that, together, total over 200 pages. The exhibits are filed as a single document along with the Complaint and lack page numbering. For ease of reference, the Court refers to the relevant exhibit along with the page number assigned by the Court's Electronic Document Filing System.

was summarily dismissed. (Compl. 5, ¶ 21.) Since that time, Hossain has been subject to a final order of deportation. (*Id.*)

Plaintiff Akter is a United States citizen and Hossain's wife. (*Id.* at 3, ¶ 10.) In 2003, she filed a Form I-130 Petition for Alien Relative ("I-130 Petition") for Hossain, which was approved. (*Id.* at 5, ¶ 22.) Thereafter, under the alias "Ferdous Wahid," Hossain moved to reopen his removal proceeding, and his counsel asked BIA to join in that motion.[4] (*Id.* at 3–4, ¶ 13.) Hossain sought to reopen the proceeding to allow him to file a Form I-601 Application for Waiver of Grounds of Inadmissibility and to seek an adjustment of status to that of "a lawful resident alien," based on the approved I-130 Petition. (*Id.*) On December 14, 2007, the BIA denied Hossain's motion to reopen his removal proceedings as untimely, having been filed ten years after the BIA issued its decision denying Hossain's applications for asylum and withholding of deportation. *Wahid v. Mukasey*, No. 08-0062, 2008 WL 4585341, at *1–2 (2d Cir. Oct. 15, 2008). On October 15, 2008, the Second Circuit denied Hossain's petition for review of the BIA's decision, affirming the BIA's determination that Hossain's motion was untimely.[5] *Wahid*, 2008 WL 4585341, at *2.

On December 16, 2013, an attorney for Hossain signed a proposed joint motion to reopen Hossain's removal proceedings. (Ex. B at 68–112.) At some point, this proposed joint motion was sent to the United States Department of Homeland Security ("DHS"). (*See* Ex. A at 22.) After DHS declined to join the motion to reopen, Plaintiffs commenced this proceeding. (*Id.*)

---

[4] Plaintiffs do not specify when Hossain moved to reopen his removal proceeding, only stating that his counsel requested that BIA join in the motion. However, documents submitted by Defendants in support of their motion to dismiss appear to show that, under the alias Ferdous Wahid, Hossain moved the BIA to reopen his removal proceeding in May of 2007. (Defs. Resp., App. E, Docket Entry No. 6-2.)

[5] Hossain petitioned the Second Circuit under his alias Ferdous Wahid.

3

## II. Discussion

### a. Standards of review

#### i. Rule 12(b)(1)

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). The plaintiff has the burden to prove that subject matter jurisdiction exists, and in evaluating whether the plaintiff has met that burden, "'[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted), *aff'd*, 561 U.S. 247 (2010). A court may consider matters outside of the pleadings when determining whether subject matter jurisdiction exists. *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010).

#### ii. Rule 12(b)(6)

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)); *see also Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011)

(quoting *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 320 (2d Cir. 2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

### b. The Court lacks subject matter jurisdiction

The government asserts that the Court lacks subject matter jurisdiction because the Immigration and Nationality Act, 5 U.S.C. § 555 *et seq.* ("INA"), vests the Second Circuit with exclusive jurisdiction over Plaintiffs' claims and the proffered statutory bases for the Court's jurisdiction cannot overcome the INA's jurisdictional bar. (Defs. Resp. 6–8.) Plaintiffs contend that the INA does not apply to their claims, and they assert that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, the Mandamus Act, the Administrative Procedures Act ("APA"), 28 U.S.C. § 1356, also known as the Little Tucker Act, and the DJA. (Compl. 2, ¶ 5; Pls. Reply. to Defs. Resp. ("Pls. Reply") 2–3, Docket Entry No. 8.)

Pursuant to the INA, as amended by the REAL ID Act of 2005 ("REAL ID Act"), the Second Circuit Court of Appeals has exclusive jurisdiction over reviews of removal proceedings. 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order

5

of removal . . . ."); REAL ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231, 311 (May 11, 2005); *see also Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 113 (2d Cir. 2008) ("[T]he appropriate Courts of Appeals were to be the 'sole and exclusive means for judicial review' of final orders of removal." (quoting 8 U.S.C. § 1252(a)(5))). The REAL ID Act amendments to the INA, including the jurisdiction-stripping provisions, were also retroactive and, by their express terms, "applied to cases 'in which the final administrative order of removal, deportation or exclusion was issued before, on or after' [the REAL ID Act's] effective date of May 11, 2005." *Ruiz-Martinez*, 516 F.3d at 113 (quoting REAL ID Act, § 106(a), 119 Stat. at 310); *see also Gittens v. Menifee*, 428 F.3d 382, 384–85 (2d Cir. 2005) (per curiam) ("By its express terms, the [REAL ID] Act is retroactive and applies to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment." (citations and internal quotation marks omitted)).

The Second Circuit has held that the INA's jurisdictional bar applies equally to indirect challenges to an order of removal. *Delgado v. Quarantillo*, 643 F.3d 52, 54 (2d Cir. 2011). In *Delgado*, the petitioner, who was subject to an order of removal that had been reinstated, brought a mandamus action to compel adjudication of her request for permission to reapply for admission to the United States, which was related to her pending "adjustment of status" application. *Id.* at 53–54. The petitioner asserted that the district court had jurisdiction over the mandamus petition because she was not challenging her order of removal and, therefore, her claim was not subject to the INA's jurisdictional bar. *Id.* at 55. The Second Circuit rejected that argument and found that if the petitioner successfully compelled the adjudication of her request and of her adjustment of status application, the underlying removal order that had been reinstated against her would be invalid. *Id.* Because the relief sought was "inextricably linked to the reinstatement of [the]

6

removal order," it was subject to the jurisdictional bar. *Id.* (internal quotation marks omitted) (citing *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1082–83 (9th Cir. 2010)).

Following *Delgado*, a number of courts in this Circuit have declined to exercise jurisdiction over other indirect challenges to removal orders. *See Xiao Cong Hu v. Holder*, No. 11-CV-4747, 2012 WL 2619185, at *1 (E.D.N.Y. June 25, 2012) ("A challenge to an adjustment of status determination is inextricably linked to an alien's removal order, because if the plaintiff were successful in his application this would render the reinstatement order invalid." (citation and internal quotation marks omitted)); *Bici v. Napolitano*, No. 10-CV-1991, 2012 WL 642781, at *2 (D. Conn. Feb. 28, 2012) ("[T]he court does not have jurisdiction to consider the plaintiff's request for an order directing the defendants to grant his application to reapply for admission into the United States."); *Nieto-Ayala v. Holder*, No. 08-CV-8347, 2011 WL 3918156, at *3 (S.D.N.Y. Aug. 30, 2011). In *Nieto-Ayala*, for example, the plaintiff had been ordered removed, but sought to compel the government to allow him to remain on parole while his application for asylum was adjudicated. *Nieto-Ayala*, 2011 WL 39118156, at *3. The district court held that if it granted the requested relief, the removal order would be unenforceable until adjudication of the asylum application was complete, making the requested relief "inextricably linked" to the removal order and therefore subject to the INA's jurisdictional bar. *Id.*

      **i.  Plaintiffs indirectly challenge Hossain's order of removal and are therefore subject to the INA's jurisdictional bar**

Here, a review of Plaintiffs' claims and requested relief reveals that Plaintiffs are indirectly challenging Hossain's order of removal, a challenge over which the Court lacks jurisdiction. Plaintiffs ask the Court to compel Defendants to consent to Hossain's motion to reopen his removal proceeding to allow him to file an approved application for adjustment of status to that of a lawful permanent resident. (Compl. 1, ¶ 2.) Plaintiffs seek relief that is

inextricably linked with Hossain's underlying order of removal; indeed, the effect of Plaintiffs' requested relief would be to "render [Hossain's] removal order 'invalid.'" *See Delgado*, 643 F.3d at 55; *Nieto-Ayala*, 2011 WL 3918156, at *3 ("[T]he effect of any stay by this Court would be to prompt USCIS to adjudicate [the plaintiff's] asylum application, [which] is 'inextricably linked' to his removal order because if the asylum application is granted, then his removal order would be invalid."). As a result, the INA's jurisdictional bar precludes the Court from exercising subject matter jurisdiction over Plaintiff's claim.

Plaintiffs make a number of arguments as to why the INA's jurisdictional bar is inapplicable, but each lacks merit. First, Plaintiffs contend that because they challenge Defendants' decision not to join Hossain's motion to reopen his removal proceeding, their claims challenge agency action rather than Hossain's order of removal. (Pls. Reply. 3–5; Compl. 11–16, ¶¶ 26–27.) While Plaintiffs frame their challenge as related to Defendants' decision not to join their motion to reopen, Plaintiffs ask the Court to compel Defendants to "act on and cause issuance of consent to join [Hossain's] motion [to reopen]," or to declare, among other things, that (1) Defendants improperly declined to join Hossain's motion; (2) "[P]laintiffs have established [a] spousal relationship;" and (3) Plaintiffs "are entitled to re-open [Hossain's] deportation proceeding." (Compl. 17–18, ¶¶ 32–36.) This relief is inextricably linked to Hossain's removal proceeding and constitutes an indirect challenge to Plaintiff Hossain's removal order. Plaintiffs cannot "evade the restrictions of section 1252(a)(5)" by framing their challenge as related to agency action. *Delgado*, 643 F.3d at 56.

The support cited by Plaintiffs is unhelpful to their arguments. A number cases cited by Plaintiffs address a district court's jurisdiction to hear challenges to administrative decisions unlike those at issue here. *See Mohammadi-Motlagh v. I.N.S.*, 727 F.2d 1450, 1453 (9th Cir.

1984) (discretionary denial of a request to transfer to another school); *Tooloee v. I.N.S.*, 722 F.2d 1434, 1438 (9th Cir. 1983) (discretionary denial of nonimmigrant student status); *Ghorbani v. I.N.S.*, 686 F.2d 784, 791 (9th Cir. 1982) (same). Other cases concern pre-removal bond-related decisions. *See Nat'l Ctr. for Immigrants' Rights, Inc. v. I.N.S.*, 791 F.2d 1351, 1354 (9th Cir. 1986) (claims related to pre-removal bail conditions), *vacated on other grounds*, 481 U.S. 1009 (1987); *Gornicka v. I.N.S.*, 681 F.2d 501, 505 (7th Cir. 1982) (same). Others simply conflict with the law of this Circuit. *Compare Kemper v. I.N.S.*, 705 F.2d 1150, 1150 (9th Cir. 1983) (referring a petition for stay of deportation during the pendency of a motion to reopen to the district court), *with Lakhani v. U.S. Citizenship & Immigration Servs.*, 817 F. Supp. 2d 390, 392 (D. Vt. 2011) ("The jurisdictional limits of Section 1252(a)(5) also prohibit district courts from considering motions to stay removal proceedings." (collecting cases)).

Next, Plaintiffs assert that the jurisdictional bar is inapplicable because the REAL ID Act's amendments to the INA were not enacted until after completion of the underlying deportation proceedings. (Pls. Reply. 2.) However, that assertion is contradicted by the express terms of the REAL ID Act amendments, which make the INA's jurisdictional bar applicable retroactively to all proceedings prior to May 11, 2005. REAL ID Act, § 106(a), 119 Stat. at 310; *see also Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 164 (2d Cir. 2006) ("No different conclusion is warranted by the fact that [the plaintiff] raises a legal challenge to a removal order that became final before the May 11, 2005 enactment of the REAL ID Act because Congress expressly gave that law retroactive effect." (citations omitted)); *Gittens*, 428 F.3d at 384–85 ("By its express terms, the [REAL ID] Act is retroactive and applies to cases 'in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after' the date of enactment.").

Finally, Plaintiffs contend that the jurisdictional bar only applies to "removal" proceedings and not to "deportation" proceedings, but this is a semantic distinction without legal significance for purposes of applying the INA jurisdictional bar. The INA was previously amended to change the terminology associated with deportation proceedings to refer to "removal." *See Duamutef v. I.N.S.*, 386 F.3d 172, 177 n.4 (2d Cir. 2004) ("In 1996, Congress amended the INA to add new provisions governing judicial review of immigration orders [and] [w]here the old statute referred to orders of 'deportation,' the now-amended INA refers to orders of 'removal.'" (citations omitted)); *see also Jean-Baptiste v. Reno*, 144 F.3d 212, 215 (2d Cir. 1998) (finding the jurisdiction-stripping provisions of the INA's 1996 amendments retroactively divested the court of jurisdiction over plaintiffs' challenges to "orders of deportation"). More importantly, in making the REAL ID Act retroactive, the statute expressly included orders of deportation issued before May 11, 2005. REAL ID Act, § 106(b), 119 Stat. at 311 ("The amendments made by subsection (a) shall take effect upon the date of the enactment of this division and shall apply to cases in which the final administrative order of removal, *deportation*, or exclusion was issued before, on, or after the date of the enactment of this division." (emphasis added)).

Plaintiffs' citations to the contrary are inapposite. In *Cheng Fan Kwok v. INS*, 392 U.S. 206 (1969), a pre-REAL ID Act decision, the Supreme Court held that the INA's judicial review provisions vesting the Court of Appeals with exclusive jurisdiction applied only to determinations made during "a proceeding conducted under [section] 242(b) [of the INA], including those determinations made incident to a motion to reopen such proceedings." *Cheng Fan Kwok*, 392 U.S. at 216. This holding does not support Plaintiffs' argument that the Court has jurisdiction over his claim, as a final order of deportation was already entered against

10

Hossain prior to the commencement of this action and Plaintiffs' claim challenges a determination on a motion to reopen Hossain's removal proceeding. (Compl. 5, ¶ 21.) As *Cheng Fan Kwok* recognized, the only court with jurisdiction to review such an order or determination is the Court of Appeals. *Cheng Fan Kwok*, 392 U.S. at 209–10 ("[Sections 106(a) and 242(b)] vest in the courts of appeals *exclusive jurisdiction* to review final orders issued by specified federal agencies." (emphasis added)).

Accordingly, because Plaintiffs indirectly challenge Hossain's order of removal, the Second Circuit has exclusive jurisdiction over Plaintiffs' claims.

### ii. Plaintiffs' alleged bases for subject matter jurisdiction do not overcome the INA's jurisdictional bar

Plaintiffs allege several statutory bases for the Court's subject matter jurisdiction, including 28 U.S.C. § 1331, providing for federal question jurisdiction; 28 U.S.C. § 1346(a), the Little Tucker Act, which provides for jurisdiction where the United States is a defendant; 28 U.S.C. § 1361, providing original jurisdiction over mandamus actions; and 28 U.S.C. § 2201, the DJA. (Compl. 1, ¶ 2.) As discussed below, while many of these statutes do not confer jurisdiction on their own, even those that otherwise might confer jurisdiction cannot overcome the INA's jurisdictional bar where, as here, it applies to the underlying claim.

#### 1. The Court lacks jurisdiction under 28 U.S.C. § 1331

Plaintiffs assert that that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under the Constitution and laws of the United States. (Compl. 2, ¶ 5.) Plaintiffs' argument appears to be that because Defendants arbitrarily decided not to join Hossain's motion to reopen his removal proceeding, the Court has jurisdiction to review that decision pursuant to the APA and to grant their requested relief. (Pls. Reply 6–7; Compl. 14–15, ¶ 27.) Contrary to Plaintiffs' contention, however, in light of the INA's

11

jurisdictional bar, the APA does not grant the Court jurisdiction over this case pursuant to 28 U.S.C. § 1331.

As Plaintiffs concede in their Complaint, the APA does not provide an independent basis for federal jurisdiction. (Compl. at 6 n. 1); *see Lunney v. United States*, 319 F.3d 550, 557 (2d Cir. 2003) ("The APA is not an independent grant of subject matter jurisdiction." (citations omitted)). More importantly, however, "[t]he APA explicitly does not apply 'to the extent that . . . statutes preclude judicial review,' as the REAL ID Act does in this instance." *Delgado*, 643 F.3d at 55 (second alteration in original) (internal citations omitted) (citing *Lee v. CIS*, 592 F.3d 612, 620 (4th Cir. 2010) ("The claim raised in [the alien's] APA action falls squarely within the scope of § 1252(a)(2)(B)(i).")). As discussed above, while Plaintiffs frame part of the Complaint as challenging Defendants' arbitrary decision not to join Hossain's motion to reopen his removal proceeding, this is merely an indirect challenge to Hossain's order of removal and is jurisdictionally barred by the INA. In this circumstance, the APA cannot overcome that jurisdictional bar. *See Delgado*, 643 F.3d at 55; *Ansah v. Napolitano*, No. 12-CV-5205, 2013 WL 247984, at *2 (S.D.N.Y. Jan. 23, 2013) ("[N]either the Mandamus Act nor the APA (alone or together with the federal question statute) confers jurisdiction over a case before a district court where such review is prohibited by the INA as amended by the REAL ID Act.").

### 2. The Court lacks jurisdiction under the Little Tucker Act

Plaintiffs also allege that the Court has jurisdiction pursuant to the Little Tucker Act. Like the APA, however, "[28 U.S.C. §] 1346(a)(2), is not a freestanding source of jurisdiction," instead, it "is 'simply [a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law.'" *Khanom v. Kerry*, 37 F. Supp. 3d 567, 576 (E.D.N.Y. 2014) (alterations in original) (quoting *United States v. Bormes*, 566 U.S. ---, ---, 133

S. Ct. 12, 17 (2012)). The Little Tucker Act "has long been construed as authorizing only actions for money judgments and not suits for equitable relief against the United States." *Polanco v. U.S. Drug Enf. Admin.*, 158 F.3d 647, 652 (2d Cir. 1998) (quoting *Richardson v. Morris*, 409 U.S. 464, 465 (1973)). Because Plaintiffs seek equitable relief, Plaintiffs cannot establish jurisdiction under 28 U.S.C. § 1346(a).

### 3. The Court lacks jurisdiction under the 28 U.S.C. § 1361

Plaintiffs allege that the Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1361, the Mandamus Act. "To establish jurisdiction under 28 U.S.C. § 1361, respondents must show '(1) a clear right . . . to the relief sought; (2) a plainly defined and peremptory duty on the part of [defendants] to do the act in question; and (3) [that there is] no other adequate remedy available.'" *Khanom*, 37 F. Supp. 3d at 577 (alterations in original) (quoting *Paulsen ex rel. N.L.R.B. v. All Am. Sch. Bus Corp.*, 986 F. Supp. 2d 142, 147 (E.D.N.Y. 2013)). However, as the Second Circuit has explicitly held, a plaintiff cannot "evade the restrictions of [INA] section 1252(a)(5) by styling her challenge as a mandamus action in order to claim jurisdiction under 28 U.S.C. § 1361." *Delgado*, 643 F.3d at 56; *Ansah*, 2013 WL 247984, at *2 ("[N]either the Mandamus Act nor the APA . . . confers jurisdiction over a case before a district court where such review is prohibited by the INA as amended by the REAL ID Act."). Accordingly, even if Plaintiffs could establish the jurisdictional predicates of § 1361, they cannot overcome the INA's jurisdictional bar.

### 4. The Court lacks jurisdiction under 28 U.S.C. § 2201

Plaintiffs contend that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2201, the DJA. This contention is incorrect, as the DJA is "remedial, not jurisdictional." *Saleh v. Holder*, 84 F. Supp. 3d 135, 140 (E.D.N.Y. 2014) (citation omitted); *see Nike, Inc. v. Already,*

*LLC*, 663 F.3d 89, 95 (2d Cir. 2011) ("The Declaratory Judgment Act does not expand the subject matter jurisdiction of the federal courts."), *aff'd*, 568 U.S. ---, 133 S. Ct. 721 (2013). As a result, 28 U.S.C. § 2201 does not provide the Court with jurisdiction over Plaintiffs' claims.

Because Plaintiffs' claims constitute an indirect challenge to Hossain's removal order, the INA divests the Court of subject matter jurisdiction over those claims. *See Delgado*, 643 F.3d at 55. While Plaintiffs invoke other statutory provisions as conferring subject matter jurisdiction, those statutes do not vitiate the jurisdictional bar on the indirect challenge to the removal order. Accordingly, because there is no basis for the Court's subject matter jurisdiction, the Complaint is dismissed.

### III. Conclusion

For the foregoing reasons, the Court dismisses Plaintiffs' action for lack of subject matter jurisdiction. The Clerk of Court is directed to close this case.

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: December 30, 2015
       Brooklyn, New York